### 53522. LITTLE et al. v. HOME TRANSPORTATION COMPANY, INC.

SHULMAN, Judge.

Appellee, a common carrier, brought suit to collect monies allegedly due for the transportation of certain goods for appellants. This appeal is from the granting of summary judgment for appellee.

1. Suit was filed originally against Jim Little, d/b/a J & L Distributors. By amendment, appellee changed this to Jim Little and J. Little Enterprises, Inc. d/b/a J & L Distributors. Appellants claim that this constituted a joinder of additional parties, which is controlled by Code Ann. § 81A-119, with the provisions of which appellee did not comply. Appellee contends that it did not add a party but merely corrected a misnomer. That appellee's argument is incorrect is clear from a look at the result of the amendment. If appellee had only corrected the name of a defendant sued in a trade name, as it alleges it did, the number of defendants would remain the same. However, after the amendment there was one more defendant than when suit was filed.

Unfortunately for appellants, the record reveals no

objection to this amendment until the filing of this appeal. That was too late. "[W]here a new party has . . . been added without objection, this court, on appeal, will not consider an objection on this ground raised here for the first time but will consider it to have been waived." *Athens Elec. Supply Co. v. Delta Oil, Inc.,* 101 Ga. App. 515, 517 (114 SE2d 289).

2. Another enumeration of error, that the order granting summary judgment was dated less than 30 days from the date of the motion, is wholly frivolous. A pro re nata order of the trial court indicates that the order was incorrectly dated and shows the actual date of the order, more than 30 days from the date of service.

3. Appellants assert that it was error to grant summary judgment against J. Little Enterprises, Inc. d/b/a J & L Distributors. This enumeration is also without merit. Appellee filed affidavits in support of its motion for summary judgment which effectively pierced the defensive pleadings. These affidavits, together with the stipulations contained in the pre-trial order, were enough to shift to the appellants the burden of proof at the summary judgment hearing. Code Ann. § 81A-156 (e). Appellant filed nothing to counter the evidence of appellee. An attempted amendment to their answer and counterclaim, if allowed, would have raised a question of fact not covered by the evidence of appellee. However, the amendment was filed after the entry of a pre-trial order and without seeking the permission or consent required by Code Ann. § 81A-115 (a). The amendment was, therefore, not properly before the trial court. Summary judgment against J. Little Enterprises, Inc. was proper.

4. Appellants have also asserted that summary judgment was not proper as to appellant Jim Little. We must agree. All the bills of lading and other supporting documents refer to J & L Distributors or J & L Contractors. Correspondence for appellants was signed by Jim Little in his capacity as an officer of J & L Distributors. Appellee has made no showing of any basis for individual liability of Jim Little. To counter appellants' argument on this point, appellee contends that this issue was waived by not being raised in the court below. However, it was raised below by Jim Little's

answer to the complaint in which he denied liability. Nothing produced by appellee was sufficient to pierce that denial. Summary judgment against Jim Little was improperly granted and the order must be reversed insofar as it holds Jim Little individually liable.

*Judgment affirmed as to the liability of J. Little Enterprises, Inc., and reversed as to the liability of Jim Little. Quillian, P. J., and Banke, J., concur.*

ARGUED MARCH 7, 1977 — DECIDED APRIL 18, 1977.

*James W. Garner,* for appellants.
*Born & May, Robert E. Born, Gary W. Sawyer,* for appellee.