## 32655. CITY OF ATLANTA et al. v. INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS OF ATLANTA, INC.

HILL, Justice.

The supervisor of the building inspection division of the City of Atlanta denied the application of the Krishna Consciousness Society for building permits. The society appealed to the Atlanta Board of Zoning Adjustment which approved the denial of the permits. Within 30 days the society "appealed" by filing its complaint in the superior court; the city moved for summary judgment; the society amended its complaint to add a count seeking mandamus; the court denied the city's motion and granted mandamus; the city appeals; we affirm.

1. Georgia law provides for two alternate types of review of orders of municipal officials administering zoning laws (Code Ann. §§ 69-824, 69-1211). One is the "board of adjustment." Code Ann. § 69-815. The other is the "board of zoning appeals." Code Ann. § 69-1211. The City of Atlanta calls its board the "Board of Zoning Adjustment."

The Code contains at least two methods for appealing decisions of these boards to the superior court. According to Code Ann. § 69-827, decisions of boards of adjustment are "appealed" by filing a complaint in superior court within 30 days of the board's decision. But see Code Ann. § 6-102 (c). According to Code Ann. § 69-1211.1, decisions of boards of zoning appeals are appealed in the same manner as decisions of the court of ordinary (now probate) and as specified in Code Ann. Ch. 6-2. Unfortunately, the appeal procedure formerly set out in Code Ann. Ch. 6-2 has been

repealed. This must also be confusing to the public. For even more confusion, see Code Ann. § 6-102 (c), supra.

In its complaint the society asserted the right to appeal the decision of a "board of adjustment" under Code Ann. § 69-827. The city moved for summary judgment on the basis that its "Board of Zoning Adjustment" is not a "board of adjustment" but is a "board of zoning appeals" and the appeal should have been filed pursuant to Code Ann. § 69-1211.1 (i.e., pursuant to repealed Code Ch. 6-2). The city asserted that the superior court lacked jurisdiction of the subject matter. The trial court recognized that although the society's complaint might be defective by claiming jurisdiction under Code Ann. § 69-827, nevertheless the court had subject matter jurisdiction of the appeal. We agree. The court below did not err in denying the city's motion for summary judgment based on lack of subject matter jurisdiction.

The people's right to litigate with governmental bodies should not be decided on technicalities any more than one citizen's right to litigate with another citizen. Code Ann. §§ 81A-101, 81A-108 (f), 81A-115 (a), 81A-161; see also Code Ann. § 6-115. The superior courts have subject matter jurisdiction of appeals from boards of zoning appeals. Code Ann. §§ 2-3304, 69-1211.1.

2. The city urges that the trial court erred in granting mandamus absolute without affording it an opportunity to be heard on the merits.

The rule nisi ordered the city to show cause on March 21, 1977, why mandamus absolute should not be issued. It appears that at the March 21 hearing the city argued its motion for summary judgment discussed above, the society argued its asserted right to mandamus raised by amendment, the city moved to dismiss the mandamus amendment, and the judge took these matters under consideration after relieving the city of the need to answer the amendment. The city has not shown that it was deprived of an opportunity to be heard.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 12, 1977 — DECIDED OCTOBER 20, 1977 — REHEARING DENIED NOVEMBER 1, 1977.

*Ferrin Y. Mathews, Ralph H. Witt,* for appellants.
*Robert H. Stroup,* for appellee.