## 55987. JUDD et al. v. VALDOSTA/LOWNDES COUNTY ZONING BOARD OF APPEALS.

BANKE, Judge.

The appellants appeal the judgment of the superior court dismissing their appeal.

The appellants, adjacent and nearby property owners, appealed to the superior court the decision of the Valdosta/Lowndes County Zoning Board of Appeals granting Julius H. Trotter, Jr., a special exception. Trotter, the nonresident defendant, filed no response to the appeal. The zoning board of appeals filed a motion to dismiss which motion the appellants moved to strike. After a hearing and upon review of the pleadings, the trial judge granted the motion to dismiss on the grounds that the appellants had, in effect, failed to allege their "aggrieved" parties status (see Code Ann. § 69-1211.1; *City of East Point v. Crosby & Stephens, Inc.,* 117 Ga. App. 392 (160 SE2d 839) (1968); *Royal Atlanta Dev. Corp. v. Staffieri,* 135 Ga. App. 528 (2) (218 SE2d 250) (1975)) and because they had failed to join indispensable parties, namely the zoning board of appeals (the appellee in this case), the present owner of the rezoned property, and the party contracting for the purchase of the property. In his order the trial judge also added the zoning board of appeals as a party to this case.

1. Code Ann. § 69-1211.1 accords a right of appeal to the superior court to "[a]ny person or persons severally or jointly aggrieved by any decision of the board of zoning appeals . . . " The statute also provides that the procedure for appeal "shall be the same as an appeal to the superior court from any decision made by the court of ordinary and as specified in Chapter 6-2. . ."

(a) The appellants filed their appeal in the form of a petition in which they described themselves as appealing because they were "dissatisfied"[1] with the decision and judgment of the Valdosta/Lowndes County Zoning Board of Appeals. On appeal it is argued that their failure to

---

[1]This term is commonly used in petitions appealing judgments of the probate court to the superior court.

describe themselves as aggrieved property owners in the notice of appeal and to describe their substantial interest adversely affected by the rezoning deprived the superior court of jurisdiction to hear the appeal.

As noted by the Supreme Court in *City of Atlanta v. International Society for Krishna Consciousness of Atlanta, Inc.,* 240 Ga. 96 (1) (239 SE2d 515) (1977), the probate appeal procedure set out in Code Ann. §§ 6-202 to 6-205 has been repealed. This creates a confusing situation since Code Ann. § 69-1211.1 has not been amended to reflect the repeal of Code Ann. Ch. 6-2. Under the present Code the probate appeal procedure is that stated in Code Ann. Ch. 6-1. See also Code Ann. § 6-501 establishing that these appeals to the superior court are de novo investigations.

Code Ann. § 6-103 (replacing repealed Code Ann. § 6-204) states that "[n]o particular form [for appeal to the superior court] shall be necessary for the notice of appeal, but the following is suggested . . ." The suggested form states basically that the appellant appeals to the superior court the judgment entered by the lower tribunal on a specified date. The appellant's notice of appeal contained this same basic information and was therefore sufficient under section 6-103. Furthermore, Code Ann. § 6-115 prohibits the dismissal of the appeal based on a defect in the appellants' notice of appeal. That statute provides that "[n]o appeal shall be dismissed because of any defect in the notice of appeal . . . but the superior court shall at any time permit such amendments and enter such orders as may be necessary to cure the defect." Therefore, insofar as the trial court's dismissal of the appeal was based on the appellants' failure to allege that they were aggrieved in the notice of appeal, the ruling was error.

This court's decision in *Evans v. Augusta-Richmond County Bd. of Zoning Appeals,* 113 Ga. App. 113 (5) (147 SE2d 455) (1966), which was based on statutory law and pleading practices now repealed, does not require a contrary ruling. In Division 5 of the *Evans* opinion, the court approved the trial judge's grant of a general demurrer because it had been shown in Divisions 3 and 4 that the appeal was without merit; the court's reference to the appellants' failure to allege that they were property

owners was not the basis of the decision.

(b) In a de novo proceeding such as the one involved in this case, a reference to the "pleadings" generally refers to the entire record sent up to the superior court from the lower tribunal and not only to the appellant's petition for appeal. Here, the trial judge ruled that he reviewed the pleadings before ruling that the appellants had failed to show any substantial interest adversely affected by the rezoning. It was subsequently learned that the zoning board of appeals had neglected to forward to the superior court three petitions signed by appellants and others indicating their opposition to Trotter's application for a special exception. These petitions were submitted in response to notices to "interested property owners" sent them by the appellee.

Code Ann. § 6-114 (a) imposes a duty on the agency appealed from to transfer the record to the superior court. Code Ann. § 6-115 prohibits dismissal of any appeal because of the agency's failure to transmit a portion of the record. See also *McSherry v. Israel,* 222 Ga. 520 (150 SE2d 646) (1966). The omission of these petitions from the record in the superior court undoubtedly influenced the trial judge's decision to dismiss the appeal before according the appellants a full de novo evidentiary hearing on the merits. See generally *Cross v. Hall County,* 238 Ga. 709 (1) (235 SE2d 379) (1977); *Royal Atlanta Dev. Corp. v. Staffieri,* 135 Ga. App. 528 (2), supra; *McKnight v. Mitchell,* 144 Ga. App. 109 (3) (240 SE2d 313) (1977). Accordingly, the trial judge's order must be reversed and remanded for reconsideration of the now-completed record.

2. The second ground on which the trial judge dismissed the appellants' appeal was their failure to join indispensable parties (see Code Ann. § 81A-119). The appellants named as defendant the individual to whom the board of zoning appeals granted the special exception; under this circumstance it was not necessary for him to name the present property owner and the contracting party for purchase as defendants in this case. With regard to the board, the trial judge made it a party-defendant in his order (see Code Ann. § 81-121). He could not then proceed to dismiss the appeal on the ground that the board

had not been made a party to the appeal by the appellants. See generally *Smith v. Merchants &c. Bank of Milledgeville,* 226 Ga. 715 (3) (177 SE2d 249) (1970).

The court also notes that while the zoning board of appeals is an administrative body, and not a court, it is generally regarded as being a quasi-judicial body. 101 CJS 969, Zoning, § 205. As such, it would seem to be an inappropriate party to an appeal of its ruling in the superior court. However, grants of applications for special exceptions are within the original jurisdiction of the zoning board of appeals (see Ga. L. 1957, pp. 2502, 2510, stating powers of the Valdosta/Lowndes County Zoning Board of Appeals), and such grants represent an exercise of a legislative function. 101 CJS 1037, Zoning, §§ 273, 278. This power is an exception to the general rule that zoning boards of appeal lack any legislative power. 101 CJS 972, Zoning, § 208. For this reason, the joinder in this case of the zoning board of appeals as a party/defendant was not error.

*Judgment reversed and remanded with direction. Deen, P. J., and Smith J., concur.*

SUBMITTED JUNE 6, 1978 — DECIDED SEPTEMBER 7, 1978.

*Robert L. Cork, Jesse T. Edwards,* for appellants.
*Tillman, Brice, McTier, Coleman & Talley, George T. Talley,* for appellee.