### 61561. DEMMING v. MACK.

BANKE, Judge.

This is an appeal from an order of the Superior Court of Muscogee County dismissing an appeal to that court from the Probate Court of Muscogee County, due to the appellant's failure to comply with the requirement of Code Ann. § 6-103 (a) that the notice of appeal be filed in the tribunal appealed from.

The probate court granted a petition for year's support filed by the appellee and denied a caveat filed by the appellant. The appellant filed her notice of appeal to the superior court within 30 days, as

required by Code Ann. § 6-102 (a), but did so in the superior court rather than in the probate court, as required by Code Ann. § 6-103 (a). Approximately seven weeks later, in response to the appellee's motion to dismiss the appeal, she attempted to correct the mistake by filing a certified copy of the notice with the probate court.

On appeal to this court, the appellant contends that her error should be considered a mere technical defect, capable of being remedied, while the appellee contends that the defect was jurisdictional, depriving the superior court of any power to hear the case. *Held:*

While we would otherwise be inclined to agree with the appellee that the defect was jurisdictional, the Supreme Court has held to the contrary in *City of Atlanta v. International Society for Krishna Consciousness,* 240 Ga. 96 (239 SE2d 515) (1977). There, the appellant "appealed" a decision of the Atlanta Board of Zoning Adjustment by filing a complaint in the superior court within 30 days of the board's decision, which is the procedure set forth in Code Ann. § 69-827 (Ga. L. 1946, pp. 191, 198) for appealing a decision of a municipal board of adjustment. The city argued that its "Board of Zoning Adjustment" was actually a board of zoning appeals rather than a board of adjustment, and that the correct procedure for appeal was therefore the one contained in Code Ann. § 69-1211.1 (Ga. L. 1964, pp. 259, 260), which specifies that an appeal to the superior court from a decision of a board of zoning appeals shall be made in the same manner as an appeal from "the [probate court] . . . as specified in Chapter 6-2." (The procedure set forth in Chapter 6-2 was repealed by Ga. L. 1972, pp. 738, 741, and replaced by the current version of Code Ann. §§ 6-102 and 103.) The Supreme Court agreed but held that even if Code Ann. § 69-827 was not applicable, the filing of the complaint in the superior court nevertheless gave that court jurisdiction of the appeal pursuant to Code Ann. § 69-1211.1, supra. As support for this holding, the court cited Code Ann. § 6-115 (Ga. L. 1972, pp. 738, 740), which provides as follows: "No appeal shall be dismissed because of any defect in the notice of appeal, bond, affidavit in forma pauperis or because of the failure of the lower court, agency or other tribunal to transmit the pleadings, or other record; but the superior court shall at any time permit such amendments and enter such orders as may be necessary to cure the defect."

The appellee contends that *City of Atlanta v. International Society for Krishna Consciousness* is not apposite because the appeal there was from an administrative tribunal rather than from a lower court, and the case thus involved the vindication of "the people's right to litigate with governmental bodies." However, the Supreme Court's language on this point was as follows: "The

people's right to litigate with governmental bodies should not be decided on technicalities *any more than one citizen's right to litigate with another citizen.*" Id. at 97. (Emphasis supplied.) Moreover, as previously indicated, the court's decision that the filing of the complaint gave the superior court jurisdiction over the appeal was predicated on Code Ann. § 6-115, which makes no distinction between appeals from inferior judicial tribunals and appeals from governmental tribunals. We accordingly consider the Supreme Court's decision controlling in this case, and we reverse the dismissal of the appeal.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 20, 1981 —
REHEARING DENIED MARCH 6, 1981 —

*Jerry D. Sanders,* for appellant.
*Jacob Beil,* for appellee.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*