## 37499. MACK v. DEMMING.

MARSHALL, Justice.

We granted certiorari in *Demming v. Mack,* 157 Ga. App. 808 (278 SE2d 685) (1981) to determine whether the Court of Appeals in this case has correctly applied our decision in *City of Atlanta v. International Soc. for Krishna Consciousness of Atlanta,* 240 Ga. 96 (1) (239 SE2d 515) (1977). The questions for decision in both cases concern the procedure for appealing a decision of a lower court or administrative agency to superior court.

1. Code Chapters 6-1 through 6-6 govern the procedure for appealing judgments, orders or decisions of lower courts, administrative agencies or tribunals to superior court. (A probate court is a "lower court." Code Ch. 6-2.) Code Ann. § 6-102 (a) requires the notice of appeal to be filed within 30 days of the date the judgment, order or decision complained of was entered. Under Code Ann. § 6-103 (a), a decision of a lower court is appealed to superior court by filing a notice of appeal in the court appealed from. It is the filing of the notice of appeal in the court appealed from that triggers that court's preparation of the record under Code Ann. § 6-114 (a). However, Code Ann. § 6-115 states that, "No appeal shall be dismissed because of any defect in the notice of appeal, bond, affidavit in forma pauperis or because of the failure of the lower court,

agency or other tribunal to transmit the pleadings, or other record, but the superior court shall at any time permit such amendments and enter such orders as may be necessary to cure the defect."

2. The Appellate Practice Act of 1965, Ga. L. 1965, p. 18 et seq., is codified at Code Ann. Ch. 6-7 et seq. These Code sections govern the procedure for taking appeals to this court and to the Court of Appeals.

Under Code Ann. § 6-809 (b) (1) — (3), no appeal shall be dismissed except for the following three reasons: (1) failure to file the notice of appeal in a timely fashion; (2) where the decision or judgment is not then appealable; (3) where the questions presented have become moot. As to failures of the appealing party to cause the transcript to be filed in a timely fashion and as to delays in the transmission of the record to the appellate court, § 6-809 further provides:

"No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court, but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party; and in like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that such delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit."

The dismissal of an appeal for a delay in the transmission of the record, as well as the filing of the transcript, is a matter addressing itself to the discretion of the trial court. *DuBois v. DuBois,* 240 Ga. 314 (1) (240 SE2d 706) (1977); *Little v. Thompson Co.,* 140 Ga. App. 238 (230 SE2d 316) (1976).

3. The *Krishna* case involved an appeal from a decision of the Atlanta Board of Zoning Adjustment. Under the Georgia Code, an appeal from a decision of a "board of adjustment" is prosecuted by filing a complaint in superior court within 30 days of the board's decision. Code Ann. § 69-827. However, a decision of a "board of zoning appeals" is appealed in the same manner as decisions of the probate court. Code Ann. § 69-1211.1.

In *Krishna,* the decision of the board of zoning adjustment was appealed in the manner specified for appealing decisions of boards of adjustment, i.e., by filing a complaint in superior court. Not surprisingly, the city took the position that the decision should have been appealed in the manner specified for appealing decisions of

boards of zoning appeals, i.e., by filing a notice of appeal with the board. However, the superior court rejected the city's argument that it lacked jurisdiction of the appeal, and we affirmed.

4. In this case, the applicant for certiorari, Mack, filed an application for year's support in probate court. The respondent in certiorari, Demming, filed a caveat to the application. The probate court overruled the caveat and granted the application. Demming filed a notice of appeal within the requisite 30-day period; however, the notice of appeal was filed in superior court rather than probate court. The superior court granted Mack's motion to dismiss the appeal. The superior court ruled that it lacked jurisdiction of the appeal, because the failure to file the notice of appeal with the probate court within 30 days of its decision was an absolute bar to the superior court's assuming jurisdiction of the appeal.

On appeal, the Court of Appeals reversed. The Court of Appeals held that although it would otherwise be inclined to agree that the defect was an absolute jurisdictional bar, our decision in *Krishna* is to the contrary. Citing Code Ann. § 6-115, which was also cited in our *Krishna* decision, the Court of Appeals reversed the superior court's dismissal of the appeal.

5. We disagree with the Court of Appeals' interpretation of our *Krishna* decision as a broad holding that the filing of the notice of appeal in the superior court rather than the lower court constitutes a mere error in the notice of appeal which the appealing party has an absolute right to correct under § 6-115. Rather, *Krishna* should be read as a holding that where the notice of appeal from a decision of a lower court is filed in a timely fashion, albeit in superior court, the superior court is not deprived of subject-matter jurisdiction.

6. Reading all of the previously-cited sections of Cod ɔ Title 6 as a whole, we conclude that where, as here, a notice of appeal from a probate court decision is filed in a timely fashion, but in superior court rather than probate court, the superior court is vested with discretion in determining whether to dismiss the appeal. If the superior court finds that the filing of the notice of appeal in superior court has caused an unreasonable as well as inexcusable delay in the transmission of the record from probate court, the appeal should be dismissed. Otherwise, the superior court is authorized to retain the appeal. In that event, the superior court has ample authority under § 6-115 to enter an order directing that the probate court transmit the record to superior court so that the appeal can be decided.

Therefore, the judgment of the Court of Appeals is reversed and the case is remanded to superior court for reconsideration of the motion to dismiss.

*Judgment reversed and case remanded. Clarke, Smith and*

*Gregory, JJ., concur. Jordan, C. J., and Hill, P. J., dissent from Division 6.*

DECIDED SEPTEMBER 9, 1981.

*Jacob Beil,* for appellant.
*Jerry D. Sanders,* for appellee.