### 43642. BUTTON GWINNETT LANDFILL, INC. v. GWINNETT COUNTY et al.
(353 SE2d 328)

SMITH, Justice.

The Gwinnett County Superior Court dismissed the petition for a writ of mandamus and an injunction filed by the appellant, Button Gwinnett Landfill, Inc. The appellant raises twenty-eight issues on appeal. We affirm.

In 1979, Ed Grove, owner of the appellant, purchased the Arnold Landfill in Gwinnett County from Tom Arnold. The actual tract purchased included some land that had not been cleared by the proper authorities for use as a landfill. Realizing that the authorized landfill would eventually reach its capacity, Grove began to assemble various other tracts of land in the area of the landfill for expansion. He eventually purchased four tracts near the landfill.

The process of acquiring a permit for the operation of a sanitary landfill in Georgia begins with an application to the Environmental Protection Division of the State Department of Natural Resources (EPD) for a letter of acceptance signifying the geological suitability of the tract in question for operation of a sanitary landfill. The second step on the state level requires an application for a permit signifying that the specific plan for operation of the landfill meets the requirements of state law. One such requirement is a letter from the proper local governing body assuring the EPD that the operation of a sanitary landfill on that particular tract will comply with local zoning regulations. See OCGA § 12-8-20 et seq.

For various reasons, Grove only received a notice of plan acceptability from the EPD for one of the newly purchased tracts. He nevertheless went forward with an attempt to have the county issue the special exception for each tract necessary for zoning compliance. His failure to gain the special exceptions led to this lawsuit.

Section 1200 of the Gwinnett County Zoning Ordinance states, "A sanitary landfill may be permitted in any Zoning District as a special exception subject to the approval of the Zoning Board of Appeals after a public hearing if the following conditions are met and such other conditions as the Zoning Board of Appeals may require. The County Commissioners of Gwinnett County may establish a sanitary landfill for Gwinnett County without the approval of the Zoning Board of Appeals and without a public hearing."

Grove applied first, in 1983, for a special exception for the property known as Tract 4. The Zoning Board of Appeals denied his appli-

cation. He appealed to the Gwinnett County Superior Court, but subsequently dismissed the lawsuit.

In 1985, Grove appeared before the County Commission, not the Zoning Board of Appeals, to request special exceptions for each of the four unpermitted tracts that he owned near the landfill. The Commission denied his request. Shortly thereafter, Grove asked for immediate approval of Tract 5 as a special exception, and the Commission decided to table his request subject to the completion of a study of waste disposal for the county.

Grove then asked the County Director of Community Development for a letter to the EPD acknowledging zoning compliance for all four tracts to be used as sanitary landfills. When the Director responded that Grove had not complied with Section 1200 of the zoning ordinance, Grove sought a writ of mandamus to compel the Director to acknowledge zoning compliance. The trial court dismissed the appellant's petition.

1. The trial court found that the County Commission had delegated its jurisdiction for hearing requests for special exceptions to the zoning ordinance to the Zoning Board of Appeals, that this delegation was constitutional, and that the appellant had thus made its original request for the exception in the wrong forum. The court accordingly dismissed the appellant's complaint. The appellant contends that the portion of the zoning ordinance which delegates authority to the Zoning Board of Appeals is unconstitutional, and that the power to grant special exceptions, thus, must rest in the County Commission.

a) The trial court correctly ruled that Section 1200 does not constitute an unconstitutional delegation of legislative power on the part of the County Commission. Art. IX, Sec. II, Par. IV of the Constitution of Georgia reads, "The governing authority of each county and of each municipality may adopt plans and may exercise the power of zoning . . ." The "governing authority" under this provision, strictly refers to "such city or county board as [has] the authority to exercise general and not limited powers." *Humthlett v. Reeves*, 212 Ga. 8, 13 (90 SE2d 14) (1955). Delegation of legislative discretion in zoning matters would thus prove to be an unconstitutional act.

Section 1200 lists fifteen conditions which an applicant must meet before the applicant is entitled to the special exception for the operation of a landfill. "The inclusion of [a] particular use in the ordinance as one which is permitted under certain conditions, is equivalent to a legislative finding that the prescribed use is one which is in harmony with the other uses permitted in the district, and, while a variance can be granted only with respect to particular property as to which unnecessary hardship is found, the special exception permit must be granted to any and all property which meets the conditions specified." Rathkopf, The Law of Zoning & Planning, § 41.05, p. 41-

19, 20 (4th ed. 1986). "[The Board] does not exercise discretion [with a special exception], as it does with a variance." Id. at p. 41-23.[1]

Following Rathkopf's treatment of special exceptions, created by language similar to that found in Section 1200, we agree that the County Commission has delegated no legislative power to the Zoning Board of Appeals. The Zoning Board of Appeals simply determines whether an applicant's property strictly complies with the conditions that the governing authority has specified. If the property complies, the special exception is granted. If the property does not, the exception is denied.

The Zoning Board of Appeals exercises virtually no discretion.[2] Section 1200, therefore, does not violate Art. IX, Sec. II, Par. IV.

b) The trial court correctly ruled that Section 1200 of the zoning ordinance places original jurisdiction for requests for special exception in the Zoning Board of Appeals. See *Judd v. Valdosta/Lowndes County Zoning Bd. of Appeals*, 147 Ga. App. 128 (248 SE2d 196) (1978).

c) The Gwinnett County Commission has seen fit to distance itself in a constitutional manner from any decision on the location of a private landfill in that county. The appellant, thus, erred in seeking the approval of the County Commission for the special exception. Without approval of the Zoning Board of Appeals, not the County Commission, for a special exception, the County Director of Community Development would not be under any duty to write a letter of zoning compliance.

2. The appellant also contends that the county should be estopped from refusing to acknowledge zoning compliance.

Grove contends that he purchased the extra tracts for expansion based upon assurances from the proper county officials that the tracts were suitable for operation of a landfill. He cites *Wofford Oil Co. of Ga. v. City of Calhoun*, 183 Ga. 511 (189 SE 5) (1936) and its progeny for support of his claim for estoppel. Those cases involved situations where county officials denied permits to which citizens were entitled under *existing* zoning or local land use regulations. Here, though there may have been reliance, reliance upon promises of *future* acts relating to zoning will not entitle an aggrieved party to estoppel against the county.

3. The trial court also ruled correctly in finding that the county's failure to raise the commission's lack of subject matter jurisdiction over special exceptions represented an inadequate legal representa-

---

[1] For an analysis of review of local decisions regarding special exceptions, see *Dougherty County v. Webb*, 256 Ga. 474 (350 SE2d 457) (1986).

[2] Except for the possible promulgation of additional conditions for acquisition of a special exception.

tion of the intervenor's interests. OCGA § 9-11-24. The appellant does not claim that it brought its action before the wrong body. The commission does not assert that it erred in deciding to hear the appellant's petition. The correct legal principle, the principle necessary for protection of the intervenor's interest in the case, would not have been introduced into the case had the intervention been prohibited.

4. We will not hear the appellant's claims as to the deficiencies in the conditions when the appellant has not complied with the constitutionally valid requirement that it bring its proof of compliance with the conditions before the Zoning Board of Appeals. Any problem with the conditions should be addressed in an appeal from a hearing before the board.

5. For these reasons, even assuming the findings of fact cited by the appellant were clearly erroneous, the trial court properly reasoned that the Director of Community Development was not under any duty to send a letter acknowledging zoning compliance to the EPD. The court, thus, correctly dismissed the appellant's petition for a writ of mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987 —
RECONSIDERATION DENIED MARCH 24, 1987.

*Dillard, Greer, Westmoreland & Wilson, George P. Dillard, G. Douglas Dillard,* for appellant.

*Tennant, Davidson & Edmondson, T. Michael Tennant, Brock E. Perry, G. Gibson Dean II, Elliot T. Nalley,* for appellees.

