### 43981. HANSON v. WILSON.
(354 SE2d 126)

HUNT, Justice.

Avarita Hanson sued Robert Wilson seeking to enjoin him from taking office as representative from Ward 5 to the City Council of College Park. The November 18, 1985 runoff between these two candidates resulted in a tie, 285 votes each. One of the voters who had voted for Hanson was disqualified and Wilson was declared the winner. In her suit challenging this decision, she raised numerous allegations of irregularities in the voting process. The trial court dismissed her petition on the ground she filed this independent suit rather than filing a notice of appeal with the Mayor and City Council pursuant to OCGA § 21-3-421 and failed to name the Mayor and City Council as parties. The city also raised as grounds for dismissal Hanson's failure to serve the State Elections Board, but the trial court did not rule on this issue.

1. OCGA § 21-3-421 provides in part that "[t]he decision of the governing authority entered pursuant to Code Section 21-3-420 may be appealed to the superior court in the manner of appeal from a probate court, except that appeals shall be made within ten days after determination of the contest by the governing authority." Appeals from probate court are set out in OCGA Ch. 5-3. OCGA § 5-3-21 (a) requires that a notice of appeal be filed with the tribunal from which the appeal is taken. It is this provision with which Hanson did not comply when she timely filed her independent suit in the superior court, and which caused the dismissal of her case. She argues, however, that all the requisites for a notice of appeal were set out in her independent suit and that the Mayor and Council had actual notice of her appeal. She relies on OCGA § 5-3-27, which provides: "No appeal shall be dismissed because of any defect in the notice of appeal . . . or because of the failure of the lower court, agency or other tribu-

nal to transmit the pleadings or other record, but the superior court shall at any time permit such amendments and enter such orders as may be necessary to cure the defect."

In *City of Atlanta v. Intl. Society for Krishna Consciousness of Atlanta,* 240 Ga. 96 (239 SE2d 515) (1977), we held that an appeal by the society should not have been dismissed for filing an independent suit in the superior court rather than by filing a notice of appeal in the lower tribunal, there the Board of Zoning Adjustment. Under general principles of civil litigation and OCGA § 5-3-27, quoted above, the superior court has subject matter jurisdiction of such appeals despite the technical defect of failing to file the notice of appeal below. "The people's right to litigate with governmental bodies should not be decided on technicalities any more than one citizen's right to litigate with another citizen." Id. at 97.

In a similar case involving an appeal from an application for year's support in a probate court, the appellant timely filed his notice of appeal in the superior court rather than in the probate court. The superior court dismissed the appeal and the Court of Appeals reversed relying on the *Krishna* case, supra. We granted certiorari to make clear under OCGA § 5-6-48 quoted above that, although improper filing of an appeal from a lower tribunal confers subject matter jurisdiction upon the superior court, "the superior court is vested with discretion in determining whether to dismiss the appeal. If the superior court finds that the filing of the notice of appeal in superior court has caused an unreasonable as well as an inexcusable delay in the transmission of the record from the probate court, the appeal should be dismissed. Otherwise, the superior court is authorized to retain the appeal. In that event, the superior court has ample opportunity under § 6-115 [now OCGA § 5-3-27] to enter an order directing that the probate court transmit the record to superior court so that the appeal can be decided." *Mack v. Demming,* 248 Ga. 117, 119 (281 SE2d 591) (1981). This policy is consistent with that set out for the appellate courts in OCGA § 5-6-48.

In the case before us, Hanson filed an independent suit, rather than a notice of appeal in the lower tribunal as in the *Krishna* case. This filing was sufficient to vest the superior court with jurisdiction to decide the appeal from the adverse decision of the Mayor and City Council and, under *Mack v. Demming,* supra, the superior court was bound to make the determination whether the procedural irregularity caused unreasonable or inexcusable delay.

The City Council decision was made on January 13, 1986, and her independent suit to appeal was filed in the superior court on January 22, 1986, when a 30-day stay enjoining Wilson from taking office was also entered. On February 17, 1986, after a hearing at which the city attorney made a special appearance urging dismissal of the case, the

appeal was dismissed by the superior court without considering whether the appeal should nevertheless go forward under the principles set out above. Thus the case must be remanded for such a determination.[1]

2. The trial court also dismissed this appeal on the ground that the Mayor and Council were not named as parties. The presence of the city attorney at the hearing, however, reflects the fact that the Mayor and City Council had actual notice of the appeal. We have held that the failure to name the proper parties is an amendable defect, correctable by the parties or upon the court's own motion. Code Ann. §§ 81A-119 and 81A-121. *Smith v. Merchants &c. Bank of Milledgeville*, 226 Ga. 715, 718 (177 SE2d 249) (1970); *Judd v. Valdosta/Lowndes County Zoning Bd. of Appeals*, 147 Ga. App. 128 (2) (248 SE2d 196) (1978).

3. In view of our holdings in Divisions 1 and 2, we will consider, though the trial court did not, the contention that Hanson failed to properly serve the chairman of the State Election Board. OCGA § 21-2-32 (d) provides that the State Election Board should be served by "mailing a copy of [the petition] to the chairman by certified or registered mail." The chairman of the State Board of Elections is the Secretary of State. OCGA § 21-1-30 (d). The record before us reflects service upon the Secretary of State through the Fulton County Sheriff's Office. While such service, if perfected, again does not meet the technical requirements of the statute, we cannot say that Hanson has not substantially complied with its requisites. We thus hold that her petition should not have been dismissed on this ground as argued by the city.

OCGA § 21-2-32 (d) also requires that a certificate of service upon the State Election Board be filed with the contestant's petition. Such a certificate does not appear in the record. We, however, decline to hold that the absence of this formality, in the face of the sheriff's return of service, which does appear in the record, is fatal.[2] Her petition was not subject to dismissal for noncompliance with OCGA § 21-2-32 (d).

*Judgment reversed and remanded. All the Justices concur.*

---

[1] The notice of appeal from the superior court's dismissal was filed on March 11, 1986, but was not transmitted to the Court of Appeals, to which it was directed by the appellant, until October 9, 1986. The Court of Appeals transferred the case to us on October 16, 1986, and the case was argued and submitted for decision on January 6, 1987.

[2] Any implication to the contrary in *Moody v. Carter*, 128 Ga. App. 27 (195 SE2d 204) (1973) should be disregarded. Both in *Moody* and in *Smith v. Nathan*, cited therein, there was a failure to serve, as well.

8

Decided April 8, 1987.

Janise L. Miller, for appellant.
Glaze & McNally, George E. Glaze, Steven M. Fincher, for appellee.