## 45284. BERKELBAUGH et al. v. GREEN.
(366 SE2d 284)

CLARKE, Presiding Justice.

In this zoning variance case, the trial court declared a portion of the Fayette County zoning ordinance unconstitutional, saying that it impermissibly granted legislative authority to the County Board of Zoning Appeals. The action came before the trial court after the Greens filed suit complaining the Board acted arbitrarily and capriciously in denying their applications for variances.

In this appeal, the county and the Board of Zoning Appeals contend the trial court erred in holding the ordinance unconstitutional and in requiring the members of the zoning board of appeals to submit to interrogatories. We reverse as to the constitutionality of the ordinance, affirm as to the submission to interrogatories and remand for consideration of the propriety of the action of the Board of Zoning Appeals.

1. In *Button Gwinnett Landfill v. Gwinnett County,* 256 Ga. 818 (353 SE2d 328) (1987), this court dealt with the question of delegation of authority to a zoning board of appeals. In that opinion, we recognized that the adoption of zoning plans and exercise of zoning power is a legislative act belonging to the governing authority. We also recognized the delegation of this authority to a zoning board of appeals violates the constitution. But, the court found no violation in that case because the ordinance simply allowed the board of appeals to determine whether the property strictly complies with the conditions that the governing authority has specified. The ordinance in *Button Gwinnett Landfill v. Gwinnett County,* supra, and in this case differ in that the former specifically lists all the permitted variances while the Fayette County ordinance lists the conditions which must be met in order for the board to grant a variance. The ordinance requires the board to consider six specific conditions when considering a variance application. If the six conditions are met, the variance is granted. If they are not, the variance is denied. We hold that the guidelines contained in the ordinance restrict the board to the point that it acts only administratively and not legislatively. Under these

circumstances, there is no unconstitutional delegation of legislative authority.

2. The Board also contends the court erred in requiring its members to submit to interrogatories. If the Board were in fact a legislative body, this might very well be true because of the inadmissibility of a legislator's testimony regarding legislative intent. *Jackson v. Delk*, 257 Ga. 541 (361 SE2d 370) (1987). The zoning board here acts in an administrative capacity and therefore falls outside this rule.

3. Because the trial court did not reach the issue of whether the decision of the Board of Zoning Appeals was arbitrary and capricious, we remand the case for determination of this question.

*Judgment affirmed in part, reversed in part, and remanded. All the Justices concur.*

DECIDED APRIL 6, 1988.

*McNally, Fox, Mahler & Cameron, William R. McNally, R. Mark Mahler,* for appellants.
*Hancock, Dunn & Shuping, Jack R. Hancock,* for appellee.