## S07A0519. VEREEN v. DEUTSCHE BANK NATIONAL TRUST COMPANY.

(646 SE2d 667)

HUNSTEIN, Presiding Justice.

Appellant Solomon Vereen appeals from the trial court's order adopting the special master's ruling on summary judgment in favor of appellee Deutsche Bank National Trust Company in the quiet title actions each party initiated regarding the same parcel of residential property on Vista Point Trail in Stone Mountain, Georgia. For the reasons that follow, we affirm.

The uncontroverted evidence established that the property was originally owned by Roebuck and served to secure a loan upon which Roebuck defaulted. Osmond Consulting, LLC, the assignee of the holder of the security deed, instituted foreclosure proceedings. Roebuck filed for bankruptcy relief eight days before the scheduled foreclosure sale, thereby invoking the automatic stay provision in 11 USC § 362 (a). Osmond filed an emergency motion for relief from the automatic stay on January 7, 2003, which was the same day Osmond purchased the property at the foreclosure sale. Osmond's motion was not heard until February 6, at which time it was granted. Osmond also filed an amendment to its emergency motion to have its January foreclosure sale validated by an amendment of the stay. On April 7, the bankruptcy court annulled the stay based on its finding that Roebuck filed the case in bad faith to avoid the foreclosure. See 11 USC § 362 (d). Two days after this order was filed, the deed under power from the January foreclosure sale was recorded in DeKalb County. Nothing in the record reflects that Roebuck or appellant Vereen, who purchased the property from Roebuck approximately two weeks after the deed under power was recorded, has taken any steps to set aside the foreclosure sale and deed under a power of sale.

In August 2003, four months after the deed under power conveyed the property to Osmond, the bankruptcy court vacated its order granting Osmond's emergency motion for relief from the automatic

stay.[1] However, a few weeks later the bankruptcy court dismissed the petition filed by Roebuck in an order that expressly reflected that the earlier orders entered by the bankruptcy court were "null and void." Subsequently, the party to whom Osmond had conveyed its interest in the property, Newson, defaulted on the loan secured by the property and the assignee of the holder of the loan, appellee Deutsche Bank, foreclosed on the property and purchased it at the foreclosure sale.

Based on this uncontroverted evidence, we find that the trial court properly adopted the special master's findings that fee simple title to the property is vested in Deutsche Bank and that the transfer of the property by Roebuck to Vereen, executed after the bankruptcy court annulled the automatic stay and the deed under power into Osmond was filed, failed to convey any legal title in the property to Vereen. It is clear that the foreclosure sale was initially void ab initio because it was conducted after the automatic stay went into effect. See *In re Albany Partners, Ltd.*, 749 F2d 670, 675 (11th Cir. 1984) ("acts taken in violation of the automatic stay are generally deemed void and without effect"). However, the bankruptcy court's annulment of the stay served to validate retrospectively the sale. See id.; see also *McKeen v. Federal Deposit Ins. Corp.*, 274 Ga. 46, 48 (549 SE2d 104) (2001) (*"Albany* stated that the general rule in the Eleventh Circuit is that [actions in violation of the automatic stay in bankruptcy cases] are void ab initio, but the stay may be annulled at the discretion of the [bankruptcy] court, particularly where there are issues of bad faith"). As a result of the foreclosure, the property legally vested in the purchaser at the foreclosure sale, Osmond, and divested Roebuck of all rights in the property, as well as the rights of all those claiming through Roebuck, namely, appellant Vereen. See *Boyer v. Whiddon*, 264 Ga. App. 137, 138 (589 SE2d 709) (2003).

We do not agree with appellant Vereen that a different result is required by the bankruptcy court's August order, which vacated the relief it had earlier granted Osmond Consulting and found that the January 7 transfer violated the automatic stay. The transfer, initially made void by 11 USC § 362 (a), was expressly made valid by the bankruptcy court's order annulling the stay, id. at (d), so that the conveyance of the property out of the debtor's estate was legal. See *Albany*, supra. Neither Roebuck nor appellant ever obtained any order by the bankruptcy court setting aside the deed under power, which is the only court with the authority to enforce the August order. Accord *Stivali v. Aquiport Aylesbury, Inc.*, 244 Ga. App. 389 (535 SE2d

---

[1] Although the August order expressly referenced only the bankruptcy court's February order, its language implicitly included the April order annulling the stay.

551) (2000). Nor may this Court weigh the relative merits of the bankruptcy court's various orders. We simply recognize that the transfer of the property into Osmond was valid when the deed under power was recorded and in the absence of any court order invalidating or setting aside that deed, it legally vested title in the property in Osmond and thus in Deutsche Bank, Osmond's successor in title. Insofar as appellant challenges Osmond's title because of various alleged procedural flaws in the foreclosure process, appellant chose to institute a quiet title action and thus appellant's right to recovery or relief depends upon the strength of his own title, not any weakness in appellee's. See generally *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 477 (2) (498 SE2d 266) (1998).

Accordingly, we affirm the trial court's order that fee simple title to the property is vested in Deutsche Bank and that appellant has no right, title, interest or lien in or against the property.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007 —
RECONSIDERATION DENIED JULY 13, 2007.

*Deming, Parker, Hoffman, Green & Campbell, Jamie A. Scaringi-Cherry*, for appellant.

*McLarty, Robinson & Van Voorhies, John E. Robinson, McCalla Raymer, Monica K. Gilroy, William J. Linkous III, Terri Gordon*, for appellee.