S07A0836. CITY OF HOMERVILLE et al. v. TOUCHTON.

(647 SE2d 50)

CARLEY, Justice.

Roger Touchton, d/b/a Hoagies, applied to the City of Homerville (City) for a beer and wine license, which the City Council denied. Touchton then brought suit, seeking mandamus to compel issuance of the license. His original complaint named the City as the only defendant. In May 2006, while the mandamus action was pending, the City Council revoked the existing alcohol ordinance, which had been in effect since 1978, and adopted a replacement. The City Council then rescinded its previous denial of Touchton's application, and agreed to reconsider it. At that point, Touchton, without leave of court, amended his mandamus petition to name the mayor and individual members of the City Council as additional defendants, and the City Attorney acknowledged service for each of them. On reconsideration, the City Council once again denied the application. The trial court conducted a hearing, after which it granted mandamus and ordered the issuance of the alcohol license. The City, mayor and members of the City Council (Appellants) appeal from that ruling pursuant to this Court's grant of a discretionary appeal.

1. The City moved to dismiss the original petition on the ground that mandamus will not lie against it, since the writ can be directed only at a public officer. Thereafter, Touchton amended the petition to add the mayor and City Council members, and the trial court did not ever rule on the motion to dismiss. On appeal, Appellants contend that, since Touchton failed to make a motion to add parties, and there was not any order adding them, the City Council members were not properly before the trial court.

The City is not a proper party to this mandamus action. *Crow v. McCallum,* 215 Ga. 692, 693 (1) (113 SE2d 203) (1960); *Bulloch County v. Ritzert,* 213 Ga. 818 (102 SE2d 40) (1958). Although a pre-trial order had not yet been entered, Touchton still could not add the mayor and City Council members as defendants by amendment without leave of court. *Clover Realty Co. v. Todd,* 237 Ga. 821, 822

(229 SE2d 649) (1976); *Slater v. Brigadier Homes*, 198 Ga. App. 67 (400 SE2d 338) (1990). Thus, his petition, even after the unauthorized amendment, did not properly "allege a cause of action, since it was brought against the [City] and not the proper officials required by law to perform the specified act." *Bulloch County v. Ritzert*, supra at 819 (2).

However, the record reveals that the mayor and individual City Council members failed to raise any objection to the amendment until after trial in this appeal. "That was too late. '(W)here a new party has . . . been added without objection, this court, on appeal, will not consider an objection on this ground raised here for the first time but will consider it to have been waived.' [Cit.]" *Little v. Home Transp. Co.*, 142 Ga. App. 30, 31 (1) (234 SE2d 833) (1977). See generally *Hanson v. Wilson*, 257 Ga. 5, 7 (2) (354 SE2d 126) (1987); *King v. Thompkins*, 186 Ga. App. 12, 13 (1) (366 SE2d 340) (1988) (failure to raise this issue in pre-trial order). Compare *Slater v. Brigadier Homes*, supra. Furthermore, Appellants do not assert in their enumerations or appellate brief that the failure to grant the City's motion to dismiss was erroneous. Moreover, the City did not obtain a ruling on that motion and, under the circumstances, the failure to dismiss the City was, at most, harmless error.

2. Appellants further contend that, since the final hearing before the City Council on the license application was held after the effective date of the 2006 ordinance, that ordinance applied, and the trial court erred in ruling that the 1978 ordinance is applicable.

> While we have acknowledged the existence of "constitutionally protected vested zoning rights" of a property owner, under certain conditions, so as to preclude retroactive application of a *zoning* ordinance ([cit.]), the same is not applicable to *licenses* to conduct a business. (Emphasis in original.)

*Goldrush II v. City of Marietta*, 267 Ga. 683, 698 (10) (482 SE2d 347) (1997).

> Regardless of what is the rule in the area of zoning, the rule in the area of liquor licensing is that the standards to be applied are those existing at the time of the hearing on the license application rather than at the time the application is filed. [Cits.]

*Jackson v. Three Aces Co.*, 249 Ga. 395, 396 (291 SE2d 522) (1982). Compare *Recycle & Recover v. Ga. Bd. of Natural Resources*, 266 Ga. 253, 254-255 (2) (466 SE2d 197) (1996). Because the trial court

erroneously applied only the 1978 ordinance, its judgment must be reversed and the case remanded for review of the City Council's decision pursuant to the 2006 ordinance.

3. After the application for discretionary appeal was filed, Appellants filed a motion to recuse the trial judge, but that motion has not been ruled upon. Appellants nevertheless urge that the trial judge erred in refusing to recuse himself on the basis of bias and prejudice.

"The filing of an application for discretionary review acts as a supersedeas and has the effect of depriving the trial court of jurisdiction to modify or alter its judgment. [Cits.]" *Department of Human Resources v. Holland,* 236 Ga. App. 273, 274 (511 SE2d 628) (1999). See also OCGA § 5-6-35 (h). Thus, after the filing of the application in this Court, the trial court was divested of jurisdiction to rule on the motion to recuse. Indeed, the trial court properly did not attempt to rule on the motion. "Thus, this enumeration presents no substantive issue for this court to rule upon in the present appeal[ ]." *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975).

4. Remaining enumerations of error are either moot or involve matters which the trial court has not yet ruled upon, due to its failure to consider the 2006 ordinance.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JUNE 25, 2007.

*Berrien L. Sutton, Savage, Turner, Pinson & Karsman, Brent J. Savage,* for appellants.
*James G. Tunison, Jr.,* for appellee.
*Susan J. Moore, Ted C. Baggett,* amici curiae.