A08A1035. VEREEN v. DEUTSCHE BANK NATIONAL TRUST
COMPANY et al.
(662 SE2d 159)

BLACKBURN, Presiding Judge.

In this dispossessory action, Solomon Vereen, acting pro se, appeals the grant of a writ of possession in favor of Deutsche Bank National Trust Company ("Deutsche Bank"), arguing that the trial court erred in granting the writ of possession while a petition for writ of certiorari in the United States Supreme Court was pending in a prior related matter. For the reasons set forth below, we affirm.

The facts underlying this matter were fully recounted by our Supreme Court in *Vereen v. Deutsche Bank Nat. Trust Co.*[1] Briefly summarized, the property in question was purchased by Vereen from the original owner during a time period in which the original owner had filed for bankruptcy relief in an effort to stay foreclosure proceedings. Id. Those proceedings had been initiated by the holder of the security deed to the property after the owner had defaulted. Id. Eventually, the bankruptcy court dismissed the original owner's bankruptcy petition, and the holder's purchase of the property at the foreclosure sale was validated and recorded. Id. at 285. The party to whom the holder conveyed its interest in the property later defaulted on a loan secured by the property, and Deutsche Bank, the assignee of the more recent loan, foreclosed on the property and purchased it at the foreclosure sale. Id.

Subsequently, both Vereen and Deutsche Bank initiated actions to quiet title. *Vereen*, supra, 282 Ga. at 284. Affirming the ruling of the trial court, our Supreme Court held that "fee simple title to the property is vested in Deutsche Bank and that [Vereen] has no right, title, interest or lien in or against the property." Id. at 286. After the Supreme Court of Georgia denied his motion for reconsideration, Vereen filed a petition for writ of certiorari in the United States Supreme Court and also moved that court to stay any further proceedings regarding the property. The motion to stay was apparently not ruled upon. Meanwhile, Deutsche Bank filed for a writ of possession, which was granted by the trial court following a bench trial on the matter. Vereen filed a notice of appeal in the Supreme

---

[1] *Vereen v. Deutsche Bank Nat. Trust Co.*, 282 Ga. 284 (646 SE2d 667) (2007), cert. denied, ___ U. S. ___ (128 SC 1089, 169 LE2d 811) (2008).

Court of Georgia, which found that his appeal failed to raise issues invoking its jurisdiction and ordered the case transferred to this Court.

Vereen contends that the trial court violated his right to due process of law under the Fifth Amendment to the United States Constitution by ruling on Deutsche Bank's dispossessory action while his petition for writ of certiorari in the United States Supreme Court, which seeks to appeal the Supreme Court of Georgia's decision in his action to quiet title, is pending.[2] This contention is without merit. "[W]hile the actual *granting* of a writ of certiorari by the United States Supreme Court operates as a stay, the mere *filing* of a petition for certiorari does not." (Emphasis in original.) *Ligon v. Bartis.*[3] Accordingly, the trial court did not err in ruling upon Deutsche Bank's petition for a writ of possession.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 21, 2008 —
RECONSIDERATION DENIED MAY 9, 2008.

Solomon Vereen, *pro se*.
*Dickenson Gilroy, Monica K. Gilroy*, for appellees.

---

[2] We note that Vereen's petition for certiorari in the United States Supreme Court was denied. See footnote 1, supra.

[3] *Ligon v. Bartis*, 254 Ga. App. 154, 155 (3) (561 SE2d 831) (2002).