## S08A0773. PINERES v. GEORGE.
(668 SE2d 727)

HUNSTEIN, Presiding Justice.

We granted Caroline Pineres' application to appeal in this contempt action arising out of the parties' 1991 divorce.

1. We agree with Pineres that the trial court improperly modified the parties' divorce decree in the context of ruling on the parties' contempt motions when it shifted final decision-making authority regarding their minor son's health care to their co-parenting counselor, Dr. Spencer Gelernter. "It is well settled that a trial judge has no authority in a contempt proceeding to modify the obligations imposed by the decree. [Cits.]" *Gallit v. Buckley*, 240 Ga. 621, 626 (3) (242 SE2d 89) (1978). Accordingly, we hereby reverse the trial court's contempt judgment to the extent it grants final decision-making authority to Dr. Gelernter as to the child's health care.

2. The record establishes that Pineres filed a petition for modification of psychological expenses less than two years after a previous modification of child support was made at her request. See OCGA § 19-6-19 (a) (prohibiting petitions for modification filed by former spouse within two years of order on previous modification petition by same former spouse). On that basis, an award of attorney fees under either subsection (a) or (b) of OCGA § 9-15-14 was warranted.[1] *Haggard v. Bd. of Regents*, 257 Ga. 524 (4) (c) (360 SE2d 566) (1987). The record also establishes that George introduced evidence regarding attorney fees incurred in responding to the improper modification petition. See *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236 (2) (d) (620 SE2d 463) (2005) (fee award must be limited to those fees incurred because of sanctionable conduct). Given that this evidence was admitted without objection and was neither challenged nor rebutted by Pineres, the trial court

---

[1] It is beyond dispute that medical expenses constitute a form of child support. See *Conley v. Conley*, 259 Ga. 68 (2) (377 SE2d 663) (1989) (obligation to pay child's medical expenses is form of child support). See also *Perry v. Perry*, 265 Ga. 186 (3) (454 SE2d 122) (1995) (noting parent's statutory duty to provide for physical and mental health of minor children). Thus, despite Pineres' assertions to the contrary, there is no question that Pineres' pleading constituted a petition for modification of child support.

properly exercised its discretion in awarding attorney fees based thereon. See *Carson v. Carson*, 277 Ga. 335 (2) (588 SE2d 735) (2003). Accordingly, we hereby affirm the $4,100 attorney fee award.

3. The record reveals that after Pineres filed her application to appeal, the trial court issued two orders, one purporting to deny Pineres' motions for reconsideration and award additional attorney fees, the other purporting to vacate its original order on the contempt motions. The trial court lacked jurisdiction to issue these two orders due to the pendency of Pineres' application to appeal. See *City of Homerville v. Touchton*, 282 Ga. 237 (3) (647 SE2d 50) (2007). Therefore, we hereby vacate both orders.

*Judgment affirmed in part, vacated in part, and reversed in part. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*David A. Webster*, for appellant.
*Stern & Edlin, Gary P. Graham*, for appellee.