S09A0296. VEREEN v. DEUTSCHE BANK NATIONAL TRUST
COMPANY et al.
(676 SE2d 227)

SEARS, Chief Justice.

The appellant, Solomon Vereen, appeals from the trial court's judgment ruling that Vereen's action against the appellees was barred by res judicata and from its award of attorney fees to the appellees. In an earlier action between the parties, this Court affirmed the trial court's judgment that "fee simple title to the property is vested in Deutsche Bank and that appellant has no right, title, interest or lien in or against the property."[1] Because Vereen's present action is premised on his claim of ownership of the property and because the prior judgment resolved that claim against him, the trial court properly dismissed Vereen's present action based on the

---

[3] We note that the trial court charged the jury on accident.
[1] *Vereen v. Deutsche Bank Nat. Trust Co.*, 282 Ga. 284, 286 (646 SE2d 667) (2007).

principles of res judicata.[2] Moreover, we conclude the trial court did not abuse its discretion in awarding approximately $3,500 in attorney fees under OCGA § 9-15-14 (a) and (b).[3]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

Solomon Vereen, *pro se.*
Dickenson Gilroy, Monica K. Gilroy, for appellees.

---

[2] *Bryan County v. Yates Paving & Grading Co.*, 281 Ga. 361, 363 (638 SE2d 302) (2006) (res judicata acts as procedural bar to claims that were raised or could have been raised in prior action).

[3] *Pineres v. George*, 284 Ga. 483, 483-484 (668 SE2d 727) (2008); *Carson v. Carson*, 277 Ga. 335, 337 (588 SE2d 735) (2003). Vereen's claim that his appeal in a separate action in a different court precluded the trial court from awarding attorney fees in this action is without merit.