**UNITED STATES of America, Plaintiff,**

v.

**Homer DURHAM, Defendant.**

**Cr. A. No. 1107–59.**

United States District Court
District of Columbia.

Feb. 26, 1960.

Oliver Gasch, U. S. Atty., and Harold H. Titus, Jr., Asst. U. S. Atty., Washington, D. C., for United States.

George A. Schmiedigen, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

■ The defendant moves for an opportunity to inspect the Probation Officer's report of the presentence investigation. This motion is denied.

It is not the practice to permit the defendant or his counsel or any one else to inspect reports of presentence investigations. Such reports are treated as confidential documents. They are not public records. The reason is obvious. Such reports, in order to be helpful to the Court, must of necessity contain a considerable amount of information that may be obtained, on occasion, in confidence. So, too, the Probation Officer must feel free to make comments and suggestions that may prove to be of value to the Court.

■ Rules of evidence are not applicable to the imposition of sentence. In fact, it has been the traditional practice, even before the system of presentence investigations was introduced, for the Court to receive information in confidence which the Court might or might not disclose to the defense, as the Court saw fit, that might bear upon the question of what sentence should be imposed.[1] The custom of treating reports

---

1. This general practice was approved by the Supreme Court in Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. While the precise ruling in that case is that a State court in following this practice does not violate the Due Process Clause of the Fourteenth Amendment, the discussion

as confidential documents is merely a continuation of the prior practice. If these reports were made public and were available to counsel as a matter of right, I am sure that their value would be much reduced, because a great deal of information now generally contained in them would not be available.

contained in the opinion justifies the practice generally, both from an historical point of view, and as a matter of doing substantial justice. See particularly pages 246–250 of 337 U.S., pages 1082–1084 of 69 S.Ct.