43453. CITY OF EAST POINT et al. v. CROSBY & STEPHENS, INC.

JORDAN, Presiding Judge. This is an appeal by the City of East Point and B. W. Addis, its building inspector, from a judgment of Fulton Superior Court dismissing an appeal to that court from a decision of the Board of Zoning Appeals of East Point granting a variance on application of Crosby & Stephens, Inc. The lower court dismissed the appeal for the stated reason that in his opinion the appellants, not acting in any capacity as proprietors, are not aggrieved persons entitled to appeal to the court under the applicable statute. *Held:*

The 1957 statute providing for an appeal to a board of zoning appeals authorizes such an appeal by "any person aggrieved, or by any officer, department, board, or bureau of the municipality . . . affected by any decision of the administrative officer" whereas the 1964 statute providing for an appeal to the superior court authorizes an appeal by "[a]ny person or persons severally or jointly aggrieved by any decision of the

board." Ga. L. 1957, pp. 420, 429; 1964, pp. 259, 260 (*Code Ann.* §§ 69-1211, 69-1211.1). "It is presumed that the legislature knows and enacts statutes with reference to the existing law, including the decisions of the courts." *Buckhead Doctors' Building, Inc. v. Oxford Finance Companies, Inc.,* 115 Ga. App. 52, 55 (153 SE2d 650). If the legislature in 1964 had intended to allow an appeal to the identical persons allowed an appeal to a board of zoning appeals under the 1957 statute, it would have been a simple matter to enact the 1964 amendment in language expressing such an intent, but instead the legislature expressly limited the appeal to the superior court to a person or persons "aggrieved" by the board's decision, omitting any reference in terms of public officials or agencies "affected" by a decision of the board. The words "aggrieved" and "affected" are not synonymous; only the former clearly denotes actual or potential injury. Accordingly, we think an appeal to the superior court is limited to an "aggrieved" person within the meaning of this term as construed by the courts at the time of the 1964 amendment. In 1960 this court, in determining the meaning of the term "substantial interest" in a 1946 statute held that such term is synonymous with "aggrieved" as used in similar statutes in other jurisdictions, and that for one to show a substantial interest (i.e., that he is an aggrieved person) "he must show that his property will suffer some special damages as a result of the decision complained of, which is not common to other property owners similarly situated," distinguishing this interest from that of a taxpayer merely seeking strict enforcement of the zoning laws for the general welfare of the community, or enhancement of property value, or one serving in the role of champion of a community. *Victoria Corporation v. Atlanta Merchandise Mart,* 101 Ga. App. 163 (1, 2) (112 SE2d 793). This court in 1966 applied the same meaning to the present statute. *Evans v. Augusta-Richmond County Bd. of Zoning Appeals,* 113 Ga. App. 113, 116 (147 SE2d 455). Also, see *Gilliam v. Etheridge,* 67 Ga. App. 731 (21 SE2d 556), a 1942 case recognizing a person as aggrieved when a judgment or decree operates on his rights of property, or bears directly upon his interests. No reason appears to apply a broader meaning of "aggrieved" to a municipality or an officer thereof, so as to eliminate the conditions applicable to a property owner, and nothing appears in the record in the present case

to show that the municipal corporation and its building inspector meet these conditions as a basis for appeal to the superior court. Accordingly, the lower court properly dismissed the appeal.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED FEBRUARY 7, 1968—DECIDED MARCH 13, 1968.

*Ezra E. Phillips,* for appellants.
*Richardson & Chenggis, Platon P. Constantinides,* for appellee.