290 A.2d 915.

CITY OF EAST PROVIDENCE *vs.* SHELL OIL CO. *et al.*

MAY 19, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. This case is a sequel to *Lindberg's, Inc.* v. *Zoning Board of Review of East Providence,* 106 R. I. 667, 262 A.2d 628 (1970). In that case this court quashed a decision of the East Providence Zoning Board which, in complete disregard of the pertinent provisions of the zoning ordinance,[1] had granted an exception permitting

---

[1]Section 32-23(b)(3) of the East Providence Zoning Ordinance (as amended August 21, 1967) provides that:

"The filling station premises shall be located not less than two hundred feet from the premises of any park, playground, or other public recreational facility, school or municipal building, church or other place of worship, religious or educational institutions, cultural center, cemetery or hospital."

140

the applicants to construct and operate a gasoline station on three lots of land situated within two hundred feet of both a church and a cemetery. Little more than a year later the same zoning board, notwithstanding the *Lindberg* mandate, and even though there had been no intervening significant change in circumstances, again granted the same applicants or their successors a special exception permitting the same uses on the same three lots of land.

Following that decision the city solicitor, in the name of the city, appealed to the Superior Court. In that court Shell Oil Co., the prospective tenant of the premises and respondent in this case, moved to dismiss. That motion was granted, with prejudice, on the ground that the city lacked standing to appeal the zoning board's decision. The city then applied for and was granted leave to file a petition for certiorari, and we ordered the writ to issue. *East Providence* v. *Shell Oil Co.*, 109 R. I. 915, 282 A.2d 203 (1971).

At the outset we are reluctantly constrained to comment upon the zoning board's having acted in direct contravention of §32-23(b) (3) of the zoning ordinance as that ordinance had been construed by us in the *Lindberg* case. In acting as it did, the board deliberately flaunted the authority of this court which, under art. XII of the amendments to the Rhode Island constitution, is vested with the ultimate judicial power in the state as well as with a supervisory jurisdiction over all inferior courts and tribunals. *Higgins* v. *Tax Assessors*, 27 R. I. 401, 63 A. 34 (1905).

In the exercise of that broad authority we declare the law of this state, and it is incumbent upon those tribunals, even though they may disagree with the wisdom or soundness of our declarations, to follow the law as we announce it. *D'Arezzo* v. *D'Arezzo*, 107 R. I. 422, 267 A.2d 683 (1970). Such adherence to the precedents declared by the highest tribunal in the state is inherent in our system of

jurisprudence. *See generally,* Roscoe Pound, *The Theory of Judicial Decision,* 36 Harv. L. Rev. 641 (1923). Without it there can be no stability in the legal order.

Turning to the merits we find respondent acknowledging that G. L. 1956 (1970 Reenactment) §45-24-6 and §45-24-7 authorize a municipality, by its town or city solicitor, to institute proceedings to restrain actions inconsistent with its zoning ordinance or to compel compliance with its provisions. Respondent concedes that within that encompassing authorization the city can find procedures which will permit it to challenge the uses permitted by the zoning board. It nonetheless contends that under the controlling legislation[2] only an "aggrieved" person can appeal a zoning board decision, that to be "aggrieved" in a zoning sense requires that a prospective appellant's use of his property be adversely affected by a zoning board's decision, that the city of East Providence certainly was not "aggrieved" in that sense by the zoning board's decision in this case and that the city therefore lacked standing to appeal to the Superior Court.

In support of its position respondent relies upon *East Point* v. *Crosby & Stevens, Inc.,* 117 Ga. App. 392, 160 S.E.2d 839 (1968). There, as here, the issue was who had standing to appeal from a zoning board decision. And in Georgia, just as in this state, an early statute[3] permitting appeals in zoning cases to be claimed either by an "aggrieved" person or persons, or by any officer, department, board or bureau of the municipality affected by a zoning

---

[2]Section 45-24-20 as amended by P. L. 1969, ch. 239, §48 in pertinent portion authorizes:

"Any person or persons jointly or severally *aggrieved* by a decision of the zoning board may appeal to the superior court for the county in which the municipality is situated by filing a complaint setting forth the reasons of appeal within twenty (20) days after such decision has been filed in the office of the zoning board." (Emphasis supplied.)

[3]Compare 1957 Ga. Laws 420, 429 with G. L. 1956, §45-24-20.

decision was replaced by a subsequent enactment[4] which provided that only an "aggrieved" person might appeal.

The Georgia court in the *East Point* case, *supra,* found that statutory history significant and controlling. In its judgment, the Georgia Legislature would have used the language of the earlier statute in the amending enactment had it intended to permit an appeal by any person other than one "aggrieved" by a zoning board decision, and its deletion of officers, departments, bureaus and boards from the approved list of prospective appellants clearly evidenced an express intention to limit the right to appeal to "aggrieved" persons.

Respondent, drawing upon the identity between our own statutory history in these respects with that of Georgia, argues that we should pattern our decisional law on the Georgia model and limit, as Georgia does, the right to appeal a zoning board decision to the Superior Court to a person or persons "aggrieved" by that decision. That argument would be more cogent if we had a clean slate, and had we not several times said that what constitutes "aggrievement" may be entitled to an expanded interpretation whenever "the public has an interest in the issue which reaches out beyond that of the immediate parties." (Cites omitted.) *Buffi* v. *Ferri,* 106 R. I. 349, 351, 259 A.2d 847, 849 (1969).

This brings us to the case of *Hassell* v. *Zoning Board of Review of East Providence,* 108 R. I. 349, 275 A.2d 646 (1971). There, to be sure, we decided only that a zoning board lacks standing to request this court to issue its prerogative writ of certiorari for the purpose of reviewing a Superior Court judgment reversing one of its own decisions. In arriving at that conclusion we recognized that

---

[4]Compare 1967 Ga. Code Ann. §§69-1211, 69-1211.1 with G. L. 1956, §45-24-20 as amended by P. L. 1969, ch. 239, §48.

the expanded interpretation doctrine when invoked in a zoning context permits "aggrievement" in both a personal and a public sense.

"Aggrievement" in the personal sense, we said, calls for an actual and practical, as distinguished from a theoretical, interest in the controversy and requires a showing by the one claiming to be "aggrieved" that the use of his property will be adversely affected by the decision granting relief from the terms of the ordinance. Continuing, we said that "aggrievement" in the public sense occurs whenever there is a threat to the very real and legitimate interest which the general public has in the preservation and maintenance of the integrity of the zoning laws.

The Legislature in §45-24-6 and §45-24-7 assigned responsibility for the protection of that public interest to the local government, and that government, although generally not "aggrieved" in the conventional or personal sense, becomes "aggrieved" in the broader or public sense whenever the public interest is affected by a zoning board's action. We hold, therefore, that in the circumstances of this case the city solicitor of East Providence was an "aggrieved" person within §45-24-20, as amended, and therefore had standing to appeal the zoning board's decision in this case to the Superior Court.

The petition for certiorari is granted, the order of the Superior Court dismissing the petitioner's appeal from the decision of the zoning board of review is quashed and the record certified to this court is ordered returned to the Superior Court with our decision endorsed thereon.

*Nathan E. Pass*, City Solicitor, *John L. Sousa*, Asst. City Solicitor, for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Robert W. Lovegreen, Michael P. DeFanti*, for Shell Oil Co., defendant.