**STATE**

v.

**Vincent A. CIANCI, Jr.**

**No. 84–247–M.P.**

Supreme Court of Rhode Island.

Dec. 20, 1984.

John A. Tramonti, Jr., Providence, for plaintiff.

Dennis J. Roberts II, Atty. Gen., Susan McGuirl, Deputy Atty. Gen., Sharon O'Keefe, Providence, Chief, Appellate Div., for defendant. Joseph V. Cavanagh, Jr., Providence, (amicus curiae) for Outlet Communications.

OPINION

KELLEHER, Justice.

This is a miscellaneous petition filed by Attorney John Tramonti, Jr., on behalf of his client, Vincent A. Cianci, Jr., the defendant in the matter of *State v. Cianci* (Superior Court Ind. No. P1/83–1275). On March 5, 1984, Cianci pleaded nolo contendere to a felony charge and a misdemeanor charge in Providence County Superior Court. The trial justice continued the matter for sentencing until April 23, 1984.

Pursuant to Rule 32(c) of the Superior Court Rules of Criminal Procedure (as amended 1976), a presentence report was prepared by a member of the probation department in order to aid the trial justice's determination of an appropriate sentence. On April 19, 1984, information included in that report was broadcast by WJAR, Channel 10. Similar information was published in articles in the Providence Journal-Bulletin on April 20 and the Providence Sunday Journal on April 22.

The miscellaneous petition has asked this court to order an investigation into the circumstances surrounding the public dissemination of such a sensitive document.

We issued an order permitting oral argument on the issues of (1) the extent of confidentiality of presentence reports, (2) the appropriate role of this court in initiating such an investigation, (3) the nature of sanctions that might be imposed as a result of the investigation, and (4) the possible inhibiting effect of the First Amendment of the Federal Constitution upon such sanctions. *State v. Cianci*, No. 84–247–M.P. (R.I., filed May 31, 1984).

The nominal defendant in this case, the State of Rhode Island, has, through the Attorney General, joined with petitioner's call for an investigation. Outlet Communications, Inc., owner of WJAR, Channel 10, and the Providence Journal Company have intervened, claiming that an investigation would chill First Amendment rights.

This is the first opportunity this court has had to determine the nature of a presentence report. Our rule basically follows Fed.R.Crim.P. 32 and provides that a presentence report is prepared by a probation officer for the trial justice prior to imposition of a sentence upon the defendant. Its principal function is to assist the court in determining the appropriate sentence.

In order to be of greatest assistance to the court, the report should be as complete as possible and contain all significant, objective information. To attain this goal, information should be obtained from a variety of sources. Frequently, information is contained in a presentence report that has been obtained upon a promise of confidentiality or from a person familiar with the defendant's rehabilitation plan.

For many years, the report had been considered strictly confidential for fear that if the information contained in the report were to become public, the sources for the information would become unavailable. *United States v. Durham*, 181 F.Supp. 503 (D.D.C.1960). However, the rule evolved to allow a defendant or his counsel to inspect the report in order that a court not impose sentence on the basis of information that might be materially false. Super.R.Crim.P. 32, Reporter's Notes.

*United States v. Robin*, 545 F.2d 775 (2d Cir.1976).

Disclosure is not without limits. Rule 32(c)(3) has three exceptions to the disclosure provision.

"The court may withhold from the defendant *or his counsel* only those portions of the report that it finds:

"(i) contain diagnostic opinion which if revealed to the defendant may seriously disrupt a program of rehabilitation; or

"(ii) identify sources of information which have been obtained on a promise of confidentiality; or

"(iii) would, if revealed to the defendant, seriously disrupt personal relationships, the maintenance of which are important to a program of rehabilitation."

After indicating that the entire report has not been made available to the defendant, the trial justice "shall then seal the entire report."

Although the rule is explicit with respect to the disclosure of the report's contents to defendants, it is silent concerning disclosure to third persons. However, the courts that have considered this question have decided, in light of the history of the rule and the fear of a hindrance in the flow of information to the trial justice, that the rule imposes an airtight prohibition on disclosure of the reports to third persons. *United States v. Mayse*, 467 F.Supp. 1339 (E.D.Tenn.1979). No reported case indicates a contrary result.

A recent case to consider the question, *United States v. Charmer Industries, Inc.*, 711 F.2d 1164 (2d Cir.1983), unequivocally held that "in light of the nature of the presentence report as a court document designed and treated principally as an aid to the court in sentencing, we conclude that the report may not properly be disclosed without authorization by the court." *Id.* at 1176. Since our own rule explicitly states that only the court, the Attorney General, the defendant's counsel, or the defendant himself shall have access to the report, we do not hesitate to declare the report confi-

dential and certainly not to be disclosed to third persons.

■ However, Rule 32 contains no explicit requirement of confidentiality, nor does the statute that initially authorized presentence reports in felony cases. General Laws 1956 (1981 Reenactment) § 12-19-6. As a consequence, even though we have declared such reports to be confidential, it would be inappropriate to impose sanctions upon any individual for a violation of a rule whose reach has not been unequivocally stated heretofore. Under these circumstances, we believe it inappropriate to impose sanctions for a violation of confidentiality made prior to the publication of this opinion.

We wish to emphasize, however, that future violations of the confidentiality rule in respect to presentence reports, which has now been explicitly set forth in this opinion, can form a basis for the imposition of sanctions by this court, which is vested with the ultimate judicial power in this state as well as with supervisory jurisdiction over all other courts and tribunals. *City of East Providence v. Shell Oil Co.*, 110 R.I. 138, 140, 290 A.2d 915, 916 (1972).

For the reasons stated, the request for an investigation set forth in the miscellaneous petition is hereby denied.