**In re JUSTIN.**

**No. 98-68-M.P.**

Supreme Court of Rhode Island.

June 1, 1998.

Arlene Violet, East Providence; Martha K. Diamond, Pawtucket, Thomas J. Corrigan, Jr.; Valentino D. Lombardi, Providence.

Kevin A. McKenna, Providence.

### ORDER

This case came before a single justice of the Supreme Court on a so-called "second emergency petition" filed by counsel for Ronald and Sandra LaPierre (LaPierres) seeking further relief pursuant to this court's order in this case issued on May 28, 1998. In our May 28, 1998 order, this court determined that the trial justice was to take testimony relative to, and to consider, the adoption petition of the LaPierres only, and further that the Thompson adoption petition was not to be heard in conjunction with the La-Pierres' petition. The hearing in short was not to be conducted as an adversarial proceeding between the LaPierres and Ms. Thompson. The court however did provide that Ms. Thompson could be called as a witness in the case if in the trial justice's sound discretion Ms. Thompson's testimony might assist in deciding the LaPierres' petition. Ms. Thompson however was clearly not to be considered a party in the LaPierre proceeding, and at no time did we contemplate that either Ms. Thompson or her counsel would be permitted to be seated at counsel table or to in any way participate in the LaPierre proceeding except as specifically provided in our May 28, 1998 order. The duty judge, after reviewing this emergency petition, has polled the full court, and, upon consideration thereof, this court hereby directs that the following order shall enter:

Neither Christine Thompson nor her counsel shall be seated at counsel table during the hearing on the LaPierres' adoption petition, nor shall such counsel be permitted to participate in such proceeding in any manner other than as specifically provided

in paragraph 2 of this court's May 28, 1998 order. The trial justice in this case is reminded that in the exercise of the authority of this court, conferred upon the court by the Rhode Island Constitution, we declare the law of this state, and it is incumbent upon all lower courts to follow the law as we announce it and to comply with our orders as we direct. *City of East Providence v. Shell Oil Co., et al.*, 110 R.I. 138, 140–141, 290 A.2d 915 (1972).

LEDERBERG and FLANDERS, JJ., continue to dissent in the court's conclusion that Ms. Thompson not be made a party in this proceeding.