Mary RYAN et al.

v.

The ROMAN CATHOLIC BISHOP OF PROVIDENCE, a Corporation Sole et al.

No. 2000–102–M.P.

Supreme Court of Rhode Island.

Jan. 4, 2002.

Steven Aaron Robinson, Providence, for plaintiff.

Bruce E. Vealey, Gerald C. DeMaria/William T. Murphy/James T. Murphy/Robert J. Quigley, Jr., Providence, for defendant.

BEFORE: WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

WILLIAMS, Chief Justice.

In this petition for writ of certiorari, the defendant, Louis W. Dunn (defendant), seeks review of a Superior Court trial justice's decision denying his motion for a protective order. The motion sought to prevent the plaintiffs, Mary and Thomas Ryan (plaintiffs), from obtaining the defendant's presentence report (PSR) from an earlier criminal case. Weighing the harm potentially caused by disclosing the privileged PSR against the plaintiffs' need to discover information relative to their civil action, the trial justice deemed the PSR discoverable. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we vacate the order of the trial justice and remand the case to the Superior Court for reconsideration as discussed herein.

## I

### Facts and Travel

In December 1995, plaintiffs filed a negligence action in the Superior Court against defendant, alleging that plaintiff Mary Ryan was sexually abused and exploited by defendant when she was a minor. At the time of the alleged abuse, defendant was a priest with the Roman Catholic Diocese of Providence. Because plaintiffs believed that defendant's supervisors knew of his criminal proclivities, they also named the Roman Catholic Bishop of Providence, as a corporation, St. Thomas' Church of Manton, Rhode Island, and Bishop Louis E. Gelineau, Daniel P. Reilly, and Kenneth A. Angell (collectively referred to as the Church), alleging several tortious acts, including, but not limited to, negligent hiring, supervision and retention of defendant. While plaintiffs' civil case was pending, defendant was convicted of first-degree sexual assault after a jury-waived trial. See State v. Dunn, 726 A.2d 1142, 1143–44 (R.I.1999). Prior to sentencing, a presentence investigation and report was completed pursuant to Rule 32(c) of the Superior Court Rules of Criminal Procedure.

After defendant was convicted, plaintiffs continued to pursue their civil claim against defendant and the Church. In February 2000, plaintiffs filed a notice of intention to depose the keeper of records at the Rhode Island Adult Probation De-

partment. The plaintiffs sought to obtain the PSR because they believed that defendant may have told the investigator that the Church knew he had sexually abused others in the past and had transferred him because of that behavior. The defendant filed a motion for a protective order, arguing that the contents of the PSR were confidential and privileged. After a hearing, the trial justice denied defendant's motion, but ordered that such records "be disclosed only to counsel and their parties in this litigation, and may be used only for the purposes of discovery and production of evidence in this litigation." The trial justice also allowed for the PSR to be disclosed to expert witnesses upon notice to opposing counsel. Finally, the trial justice stayed the order until May 10, 2000, to allow defendant to seek appellate review.[1]

On March 30, 2000, this Court continued the stay until further order of the Court. The defendant petitioned to this Court for a writ of certiorari, which we granted.

## II

### The Presentence Report

■ It is well settled that "[t]his Court limits its review on certiorari 'to examining the record to determine if an error of law has been committed.' *City of Providence v. S & J 351, Inc.*, 693 A.2d 665, 667 (R.I.1997) (per curiam). 'We do not weigh the evidence presented below, but rather inspect the record to determine if any legally competent evidence exists therein to support the findings made by the trial justice.' *Id.* (citing *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire*, 637 A.2d 1047, 1049 (R.I.

1994))." *Gregson v. Packings & Insulations Corp.*, 708 A.2d 533, 535 (R.I.1998).

■ Rule 32(c) of the Superior Court Rules of Criminal Procedure requires the administrator of probation and parole to make a presentence investigation and report whenever a sentence of more than one year of imprisonment may be imposed, unless the prescribed punishment is death or life imprisonment. A PSR is intended to "aid the trial justice's determination of an appropriate sentence." *State v. Cianci*, 485 A.2d 565, 565 (R.I.1984). Pursuant to Rule 32(c)(2), the PSR "shall contain any prior criminal record of the defendant and such information about the defendant's characteristics, the defendant's financial condition and the circumstances affecting the defendant's behavior as may be helpful in imposing or deferring sentence or in granting probation or in the correctional treatment of the defendant * * *." "In order to be of greatest assistance to the court, the report should be as complete as possible and contain all significant, objective information." *Cianci*, 485 A.2d at 566. Rule 32(c)(3) requires such reports to be shared with the Attorney General and defendant. The rule, however, does not discuss whether other individuals may have access to the PSR.

Rhode Island's Rule 32 is patterned after its federal counterpart. *See Cianci*, 485 A.2d at 566. Historically, PSRs were considered "strictly confidential for fear that if the information contained in the report were to become public, the sources for the information would become unavailable." *Id.* (citing *United States v. Durham*, 181 F.Supp. 503 (D.D.C.1960)). Initially, criminal defendants were denied access to their

---

1. On April 18, 2001, while this appeal was pending, defendant died. In May 2001, defendant's counsel filed a motion to suggest

death upon the record. On November 1, 2001, plaintiff filed a motion to substitute defendant's estate as a party.

own PSRs. *See Durns v. Bureau of Prisons,* 804 F.2d 701, 702 (D.C.Cir.1986). However, because of due process considerations, *see United States v. Charmer Industries, Inc.,* 711 F.2d 1164, 1171 (2d Cir.1983), the rule eventually "evolved to allow a defendant or his counsel to inspect the report in order that a court not impose sentence on the basis of information that might be materially false." *Cianci,* 485 A.2d at 566 (citing Rule 32, Reporter's Notes).

■ Rule 26 of the Superior Court Rules of Civil Procedure suggests that PSRs should not be routinely available in civil litigation. According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." Further, "[a]n impressive body of doctrine recognizes the privileged nature of presentence reports." *Durns,* 804 F.2d at 704; *see also United States v. Anderson,* 724 F.2d 596, 598–99 (7th Cir.1984); *United States v. Martinello,* 556 F.2d 1215, 1216 (5th Cir.1977); *United States v. Figurski,* 545 F.2d 389, 391 (4th Cir.1976). Relevant case law reflects "the prevailing judicial view that the public availability of presentence reports would likely inhibit the flow of information to the sentencing judge." *Charmer Industries, Inc.,* 711 F.2d at 1173. Consequently, there is a strong presumption of confidentiality for PSRs.

In *Cianci,* 485 A.2d at 566–67, we held that PSRs were confidential, and thus could not be revealed to third parties. In reaching this decision, we stated that while Rule 32 is silent with regard to third-party disclosures, "the courts that have considered this question have decided, in light of the history of the rule and the fear of a hindrance in the flow of information to the

trial justice, that the rule imposes an airtight prohibition on disclosure of the reports to third persons." *Cianci,* 485 A.2d at 566. Moreover, although we recognized that other jurisdictions allowed for disclosure upon proper authorization by the court, we reasoned that "[s]ince our own rule explicitly states that only the court, the Attorney General, the defendant's counsel, or the defendant himself shall have access to the report, we do not hesitate to declare the report confidential and certainly not to be disclosed to third persons." *Id.* at 566–67.

Other jurisdictions have allowed for the disclosure of PSRs to third parties upon the showing of a compelling need. *See Charmer Industries, Inc.,* 711 F.2d at 1174. According to the United States Court of Appeals for the Second Circuit, few courts have "discussed the criteria that third-party requests must meet to justify disclosure. Those that have done so have set a standard approaching that for the release of grand jury materials." *Id.* (citing *Illinois v. Abbott & Associates,* 460 U.S. 557, 567 & n. 14, 103 S.Ct. 1356, 1361 & n. 14, 75 L.Ed.2d 281, 290 & n. 14 (1983)). According to those cases, "the movant must make a particularized showing of compelling need; proof of mere relevance, economy, and efficiency will not suffice." *Id.* Further, "[i]n the most thorough exposition of the policy considerations warranting a strict standard for third-party disclosure, the court in *Hancock Brothers v. Jones,* [ ] 293 F.Supp. 1229 [, 1233 (N.D.Cal.1968) ], required a compelling showing that 'lifting confidentiality is required to meet ends of justice.'" *Charmer Industries, Inc.,* 711 F.2d at 1174. Finally, "[a] central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources." *Id.* at 1177.

While the thrust of *Cianci* remains inviolate, we conclude that this case presents an extremely narrow factual circumstance in which an exception to *Cianci* must be made.

■ In the instant case, the trial justice weighed the potential harm caused by disclosure of the confidential PSR against plaintiffs' ability to discover the information from other sources. Specifically, the trial justice reasoned:

> "it may well turn out to be that [defendant] may not be able to disclose the same matters [in his deposition that] he may have disclosed to a presentence investigator. * * * It may turn out that he is 'unavailable' as a reliable, competent witness. * * * In colloquy in a prior hearing, the [c]ourt heard some suggestion along those lines. That would mean that these plaintiffs may never be able to find out what [defendant's] understanding was of what the [Church] knew about [his] misconduct * * * at the time."

The facts make clear that it may indeed be impossible for plaintiffs to discover evidence essential to their case without information in the PSR. Furthermore, the defendant has died and no longer is available as a witness. Although in *Cianci* we declined to adopt the interest weighing approach of other jurisdictions, we conclude that the facts of this case present an exceptional and limited circumstance. Generally, dissemination of PSRs to litigants in civil suits would provide a disincentive for criminal defendants to provide the truthful and candid information necessary for the imposition of an appropriate sentence. Although we maintain the strong presumption of confidentiality for PSRs, we conclude that in extreme situations, the PSR properly may be released if the requesting party can show a particularized need. In such rare situations, the trial justice shall examine, in camera, the statement or issue within the PSR to determine whether its disclosure would serve the interests of justice. We caution that wholesale viewing of PSRs by third parties remains inappropriate and that an examination as to the presence of a compelling need is proper only when there is no other alternative available to the requesting party to discover the essential information.

Accordingly, the defendant's petition for certiorari is granted. The order of the Superior Court is quashed. The papers of the case are remanded to the Superior Court with our decision duly endorsed thereon. On remand, the trial justice shall consider whether the defendant stated that the Church knew of his sexual misconduct. If such statements appear in the PSR then counsel shall have access to this information. Disclosure, however, shall be limited to the alleged statements and anything related thereto. The trial justice shall order redaction as he deems appropriate.