DECISION
Before the Court is the City of Pawtucket's ("City") appeal from a Decision of the Pawtucket Zoning Board of Review ("Zoning Board") granting a use variance with respect to property located at 50 Division Street, Pawtucket, and otherwise known as Assessor's Plat 23, Lot 587. W.K.T. Corporation has filed a Motion to Dismiss and a Motion for Judgment on the Pleadings. Jurisdiction is pursuant to G.L. 1956 § 45-24-69, Rule 12(b)(1), Rule 12(b)(6), and Rule 12(c) of the Superior Court Rules of Civil Procedure.
 I Facts and Travel
On October 23, 2009, an individual named John Day applied for a use variance for 50 Division Street in connection with his proposed use of the property as a carpet cleaning business, *Page 2 
J. Brian Day Restoration Experts.[1] The property is located in an RD3 district.[2] A carpet cleaning business, retail sales and storage are not permitted uses in an R3 district. The application identified W.K.T. Corporation as the owner of the property. On section 5 of the application, the applicant checked the yes section in response to the question "Does this application require review before the City Planning, Historic District or Riverfront Commission."
On December 7, 2009, a duly noticed hearing was conducted by the Zoning Board on the application. Thereafter, the Board issued a written decision granting the use variance. The City timely took this appeal. W.K.T. Corporation filed the instant Motion to Dismiss pursuant to Rule 12 of the Superior Court Rules of Civil Procedure, asserting that the City is not an aggrieved party for purposes of § 45-24-69 and, therefore, does not have standing to appeal the decision. The City, on the other hand, believes it has a valid interest in the use of the property sufficient to give it standing to object to the Board's granting of the use variance.
 II Standard of Review
Rule 12(b)(1) of the Rhode Island Superior Court Rules of Civil Procedure provides a defense for lack of subject matter jurisdiction. A Rule 12(b)(1) claim for lack of subject matter is *Page 3 
generally limited to situations where the Court has not been conferred the power of determination or jurisdiction to confront the merits of a case. If the court lacks jurisdiction over the class of cases to which the particular action belongs, it must dismiss the action. See Kent, Rhode IslandPractice, (1960) at 110. Pursuant to Rule 12(b), lack of subject matter jurisdiction may be raised by motion. Id.
A challenge to subject matter jurisdiction questions the Court's authority to adjudicate the controversy before it. Pine v.Clark, 636 A.2d 1319, 1321-22 (R.I. 1994). "It is an axiomatic rule of civil procedure that such a claim may not be waived by any party and may be raised at any time in the proceedings." Id. (citing La Petite Auberge, Inc. v. RhodeIsland Comm'n for Human Rights, 419 A.2d 274, 280 (R.I. 1980); Super. Ct. R. Civ. P. 12(b) (h)). As the issue of subject matter jurisdiction is a threshold one, it must be addressed before reaching the merits of a controversy. Id.
With respect to the Motion to Dismiss pursuant to Rules 12(b)(6) and 12(c), the Court observes that W.T.K. Corporation and the City included materials outside the pleadings; accordingly, the Court will treat the motion as one for summary judgment. See Rule 12(b) of the Superior Court Rules of Civil Procedure ("If on a motion [under 12(b)(6)] to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."); Cipolla v. RhodeIsland College, 742 A.2d 277, 280 (R.I. 1999) ("A motion to dismiss must be made strictly on the pleadings, and under Rule 12(c), a motion to dismiss that relies on facts outside the pleadings must be treated as a Rule 56 motion for summary judgment."). *Page 4 
It is well settled that "[s]ummary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v.Burrillville Racing Association, 603 A.2d 317, 320 (R.I. 1992) (citing Steinberg v. State, 427 A.2d 338 (R.I. 1981);Ludwig v. Kowal, 419 A.2d 297 (R.I. 1980)); see also
Super. Ct. R. Civ. P. Rule 56. During a summary judgment proceeding "the court does not pass upon the weight or credibility of the evidence but must consider the affidavits and other pleadings in a light most favorable to the party opposing the motion."Palmisciano, 603 A.2d at 320 (citing Lennon v.MacGregor, 423 A.2d 820 (R.I. 1980)). The Court's purpose during the summary judgment procedure is issue finding, not issue determination. Industrial National Bank v. Peloso,397 A.2d 1312, 1313 (R.I. 1979) (citing O'Connor v. McKanna,359 A.2d 350 (R.I. 1976); Slefkin v. Tarkomian,238 A.2d 742 (R.I. 1968)). Thus, the only task of a trial justice in ruling on a summary judgment motion is to determine whether there is a genuine issue concerning any material fact. Industrial NationalBank, 397 A.2d at 1313 (citing Rhode Island Hospital TrustNational Bank v. Boiteau, 376 A.2d 323 (R.I. 1977)).
 III Analysis
In the instant matter, the City filed a complaint appealing the decision of the Zoning Board to grant the requested variance at issue. In so filing, the City maintains that it is an aggrieved party because it is seeking to protect the public interest. W.K.T. Corporation maintains that the Court should look to the definition of an aggrieved party as contained in § 45-24-69(a) and strictly construe that provision to find that the City is not an aggrieved party. *Page 5 
In its Complaint, the City names the Zoning Board and its members as party defendants. It mistakenly did not name W.K.T. Corporation as a defendant. W.K.T. Corporation owned the subject property and clearly was an aggrieved party; however. It has not intervened pursuant to Rule 24 of the Superior Court Rules of Civil Procedure.[3] Indeed, there is no evidence in the record that counsel for W.K.T. Corporation has even entered a formal appearance on behalf of W.K.T. Corporation. Consequently, W.K.T. Corporation presently does not have standing to file the instant motion, or to object to the City's appeal. In the interests of judicial economy, the Court nevertheless will address the merits of the Motion as if it were properly before the Court free of procedural insufficiency.
It is well-established that the interpretation of a statute is a question of law. See Palazzolo v. State ex rel. Tavares,746 A.2d 707, 711 (R.I. 2000). Where the language of a statute "is clear on its face, then the plain meaning of the statute must be given effect and this Court should not look elsewhere to discern the legislative intent." Retirement Bd. of Employees' RetirementSystem of State v. DiPrete, 845 A.2d 270, 297 (R.I. 2004) (internal quotations omitted). Accordingly, when "a statutory provision is unambiguous, there is no room for statutory construction and [this Court] must apply the statute as written."Id.; see also State v. Santos,870 A.2d 1029, 1032 (R.I. 2005) ("The plain statutory language is the best indicator of legislative intent.").
Furthermore, under our canons of statutory interpretation
 "[t]he construction of legislative enactments is a matter reserved for the courts, . . . and, as final arbiter on questions of construction, it is this court's responsibility in interpreting a legislative *Page 6 
enactment to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." State v. Greenberg, 951 A.2d 481, 489 (R.I. 2008) (quoting Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987)).
To accomplish this task, the Court must examine "`the language, nature, and object of the statute[,]' to glean the intent of the Legislature." Id. (quoting State v. Pelz,765 A.2d 824, 829-30 (R.I. 2001)). However, when construing statutes, this Court will not interpret statutory schemes in such a manner as to reach an absurd result. See Long v. Dell, Inc.,984 A.2d 1074, 1081 (R.I. 2009).
Section 45-24-69 governs zoning appeals to the Superior Court. It provides in pertinent part: "An aggrieved party may appeal a decision of the zoning board of review to the superior court for the county in which the city or town is situated by filing a complaint stating the reasons of appeal within twenty (20) days after the decision has been recorded and posted in the office of the city or town clerk." In § 45-24-69(a), an aggrieved party is defined as:
 "(i) Any person or persons or entity or entities who can demonstrate that their property will be injured by a decision of any officer or agency responsible for administering the zoning ordinance of a city or town; or
 (ii) Anyone requiring notice pursuant to this chapter." Section 45-24-31(4).
W.K.T. Corporation asserts that the City cannot bring an appeal as an aggrieved party because it cannot demonstrate injury to its property and it is not entitled to notice under the Zoning Enabling Act and the City Ordinance. In support of this assertion, it attached the list of individuals who were entitled to notice. The City was not included on the list. The City maintains that it seeks to protect the public interest against the establishment of a carpet cleaning facility in its protected Riverfront Development District.
In § 45-24-29, the general assembly declared that *Page 7 
 "the preparation and implementation of zoning ordinances is necessary to address the findings and needs identified in this section; to protect the public health, safety, and general welfare; to allow the general assembly to carry out its duty to provide for the conservation of the natural resources of the state and to adopt all means necessary and proper by law for the preservation, regeneration, and restoration of the natural environment of the state in accordance with R.I. Const., art. 1, §§ 16 and 17; to promote good planning practice; and to provide for sustainable economic growth in the state." Section 45-24-29 (3).
To that end, the general assembly mandated that
 "Zoning regulations shall be developed and maintained in accordance with a comprehensive plan prepared, adopted, and as may be amended, in accordance with chapter 22.2 of this title and shall be designed to address the following purposes. The general assembly recognizes these purposes, each with equal priority and numbered for reference purposes only.
 (1) Promoting the public health, safety, and general welfare." § 45-24-30.
It is clear that the general assembly views zoning as inextricably tied to land use planning and expects municipalities to do the same. Furthermore, "[a] municipality in which the subject property is situated [has] the right to question and seek review of the land use decisions of its administrative officers or quasi-judicial bodies such as the . . . planning board [or zoning board]." 4 Ziegler, Rathkopf's The Law of Zoning andPlanning § 63:24.
In City of East Providence v. Shell Oil Co.,110 R.I. 138, 290 A.2d 915 (1972), our Supreme Court held that a city or town is an "aggrieved" party where a decision from the Zoning Board constitutes a real threat to the public interest. The Court determined that the city solicitor, on behalf of the City, was an aggrieved person for purposes of appealing from a decision of the East Providence Zoning Board. The Court held that "`aggrievement' in the public sense occurs whenever there is a threat to the very real and legitimate interest which the general public has in the presentation and maintenance of the integrity of the zoning laws." Id. at 140, 290 A.2d at 918; *Page 8 see also Town of Coventry Zoning Bd. of Review v. OmniDevelopment Corp., 814 A.2d 889, 897 (R.I. 2003) (observing that the "mere fact `[t]hat a municipality may have first invoked judicial assistance at this, rather than at [a lower] level of a zoning dispute . . . in no way eradicates or even minimizes the threat that a decision in a zoning dispute may pose to the public interest. . . .") (quoting Town of East Greenwich v.Day, 119 R.I. 1, 3, 375 A.2d 953, 954 (1977).
The Court observes that in this case the City of Pawtucket established a Riverfront Commission to protect the Pawtucket Riverfront District. Section 410-13.1 of the Pawtucket Zoning Ordinance provides:
 "The Pawtucket Riverfront Commission (hereinafter called the `Riverfront Commission' or the `Commission') is hereby established to review and regulate all structures and uses of land or structures within the RD1, RD2, RD3 Zoning Districts (hereinafter sometimes collectively referred to as the riverfront districts). The purpose of such review shall be the reasonable application of the police power of the City to protect the public from possible detrimental impacts of certain types of development and certain large-scale development while at the same time reasonably accommodating the goal of economic development within the City. The purpose is also to apply urban design principles that are respectful of the river by sustaining public access, maintaining view corridors, regulating height and bulk of structures, and permitting a diversity of uses."
Section 410-13.2(B) of the Pawtucket Zoning Ordinance provides:
 "Where development within the riverfront districts requires either a special-use permit, a variance, a zoning ordinance amendment, and/or a zoning map change, or where a land development project is proposed within the riverfront districts, the Commission shall review such development or land development project in accordance with the procedures set forth herein, although such review shall be only advisory to the permitting authority."
Finally, Section 410-14.7(A)(2) of the Pawtucket Zoning Ordinance provides: *Page 9 
 The Zoning Board shall not substitute its own judgment for that of the Riverfront Commission but must consider the issue upon the findings and record of the Riverfront Commission. The Zoning Board shall not reverse a decision of the Riverfront Commission except on a finding of prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record.
In the instant matter, the City asserts that it is an aggrieved party because the Board's factual basis for its decision is not supported by reliable evidence and that the grant of the use variance was contrary to the public interest and places the people, the neighborhood and the City's laws at risk. Accordingly, the City maintains that the Zoning Board's decision constitutes a real threat to the public interest.
In light of the fact the City has a particularized and stated interest in protecting the land situated in the Riverfront district, the Court concludes that it has a "very real and legitimate interest which the general public has in the presentation and maintenance of the integrity of the zoning laws." City of East Providence,110 R.I. at 140, 290 A.2d at 918. Consequently, the Court concludes that it has subject matter jurisdiction because the City has standing as an aggrieved party for purposes of this appeal. As far as the propriety of the Zoning Board's decision, genuine issues of material fact exist as to whether the Zoning Board's granting of the special use permit was supported by reliable, probative, and substantial evidence, was arbitrary and capricious, was in violation of ordinance provisions or was affected by error of law. In fact, at this stage of the appeal, the Court has yet to receive the record of the Zoning Board of Review, which it will need to review in connection with this appeal. *Page 10 
 IV Conclusion
In light of the foregoing, the Motion to Dismiss and the Motion Judgment on the Pleadings are denied. An order consistent with this Decision shall be prepared by counsel for the City and presented for entry. Having denied the motions, the Court will proceed with its review of the decision on the merits of this appeal, and the parties shall forward to the Court forthwith, the record of the Zoning Board of Review in connection with its decision regarding the application for use variance. In addition, the parties shall file with the Court, memoranda as to the merits of this appeal on or before May 14, 2010.
[1] The application named W.K.T. Corporation as the owner of the property. The applicant, John Day, purportedly was under contract to purchase the property from W.K.T. Corporation. According to the application, W.K.T. Corporation was aware of and supported the application.
[2] Section 410-2 (F)(3) of the Zoning Ordinance for the City of Pawtucket provides:
 The purpose of the RD3 Riverfront Mixed-Use Zoning District is to promote a mix of residential, commercial and light industrial uses that are compatible with uses along the river, including housing and commercial buildings; preserve and adaptively reuse existing mill-type structures; promote variations in the siting of structures and amenities; and to enhance view corridors to the river.
[3] Rule 24(c) of the Superior Court Rules of Civil Procedure provides: "A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefore and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."